UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NICHOLAS LUSURIELLO and ELIZABETH
LUSURIELLO,

                Plaintiffs,

    -against-                                   **VERIFIED COMPLAINT**

AMEC CONSTRUCTION MANAGEMENT, INC.,
BOVIS LEND LEASE, INC., TULLY
CONSTRUCTION CO., INC., TURNER
CONSTRUCTION COMPANY,

                Defendants.
-----------------------------------------------------------------X

       Plaintiffs, by their attorneys, FRIEDMAN, FRIEDMAN, CHIARAVALLOTI & GIANNINI, complaining of the defendants herein, respectfully allege upon information and belief as follows:

AS AND FOR A FIRST CAUSE OF ACTION<br>
<u>ON BEHALF OF PLAINTIFF, NICHOLAS LUSURIELLO</u>

    1.      That at all times hereinafter mentioned the plaintiffs were residents of the State of New York.

    2.      That at all times mentioned herein, and on September 11, 2001, the defendant, AMEC CONSTRUCTION MANAGEMENT, INC., was, is, and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

    3.      That at all times mentioned herein, defendant, AMEC CONSTRUCTION MANAGEMENT, INC., was and is located at 1633 Broadway, New York, New York.

    4.      That at all times herein, defendant, AMEC CONSTRUCTION MANAGEMENT, INC., was and is a duly organized foreign corporation transacting business in the State of New York.

    5.      That at all times mentioned herein, defendant, AMEC CONSTRUCTION

MANAGEMENT, INC., does and/or solicits business within the State of New York.

6. That at all times mentioned herein, defendant, AMEC CONSTRUCTION MANAGEMENT, INC., derives substantial revenue from goods used and/or consumed or services rendered in the State of New York.

7. That at all times mentioned herein, defendant, AMEC CONSTRUCTION MANAGEMENT, INC., expected or should have expected its acts and business activities to have consequences in the State of New York.

8. That at all times herein mentioned, defendant, AMEC CONSTRUCTION MANAGEMENT, INC., operated, maintained, manged, controlled and/or inspected the premises commonly known as World Trade Center Complex, New York, New York.

9. That at all times herein, defendant, AMEC CONSTRUCTION MANAGEMENT, INC., was a general contractor and/or construction manager responsible for the construction, renovation, alteration, demolition, and all work performed at the premises commonly known as World Trade Center Complex, New York, New York.

10. That at all times mention herein, defendant, AMEC CONSTRUCTION MANAGEMENT, INC., was a subcontractor and/or contractor responsible for the construction, renovation, alteration, demolition, and all work performed at the premises commonly known as World Trade Center Complex, New York, New York.

11. That at all times mentioned herein, defendant, AMEC CONSTRUCTION MANAGEMENT, INC., was a supervisor responsible for the construction, renovation, alteration, demolition and all work performed at the premises commonly known as World Trade Center Complex, New York, New York.

12. That at all times mentioned herein, defendant, AMEC CONSTRUCTION

MANAGEMENT, INC.", retained subcontractors and/or contractors to perform certain work, labor and/or services at the premises commonly known as World Trade Center Complex, New York, New York.

13. That at all times mentioned herein, defendant, AMEC CONSTRUCTION MANAGEMENT, INC.", was an agent of the owner or other entity having authority and control of the premises commonly known as World Trade Center Complex, New York, New York.

14. That at all times mentioned herein, and on September 11, 2001, the defendant, BOVIS LEND LEASE, INC.", was, is, and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

15. That at all times mentioned herein, defendant, BOVIS LEND LEASE, INC." was and is located at 2550 W. Tyvola Road, Charlotte, North Carolina 28217.

16. That at all times herein, defendant, BOVIS LEND LEASE, INC.", was and is a duly organized foreign corporation transacting business in the State of New York.

17. That at all times mentioned herein, defendant, BOVIS LEND LEASE, INC.", does and/or solicits business within the State of New York.

18. That at all times mentioned herein, defendant, BOVIS LEND LEASE, INC.", derives substantial revenue from goods used and/or consumed or services rendered in the State of New York.

19. That at all times mentioned herein, defendant, BOVIS LEND LEASE, INC., expected or should have expected its acts and business activities to have consequences in the State of New York.

20. That at all times herein mentioned, defendant, BOVIS LEND LEASE, INC."" operated, maintained, manged, controlled and/or inspected the premises commonly known as World

-3-

21. That at all times herein, defendant, BOVIS LEND LEASE, INC., was a general contractor and/or construction manager responsible for the construction, renovation, alteration, demolition, and all work performed at the premises commonly known as World Trade Center Complex, New York, New York.

22. That at all times mention herein, defendant, BOVIS LEND LEASE, INC., was a subcontractor and/or contractor responsible for the construction, renovation, alteration, demolition, and all work performed at the premises commonly known as World Trade Center Complex, New York, New York.

23. That at all times mentioned herein, defendant, BOVIS LEND LEASE, INC., was a supervisor responsible for the construction, renovation, alteration, demolition and all work performed at the premises commonly known as World Trade Center Complex, New York, New York.

24. That at all times mentioned herein, defendant, BOVIS LEND LEASE, INC., retained subcontractors and/or contractors to perform certain work, labor and/or services at the premises commonly known as World Trade Center Complex, New York, New York.

25. That at all times mentioned herein, defendant, BOVIS LEND LEASE, INC., was an agent of the owner or other entity having authority and control of the premises commonly known as World Trade Center Complex, New York, New York.

26. That at all times mentioned herein, and on September 11, 2001, the defendant, TULLY CONSTRUCTION CO., INC., was, is, and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

27. That at all times mentioned herein, defendant, TULLY CONSTRUCTION CO., INC., was and is located at 127-50 Northern Blvd., Flushing, New York 11368.

-4-

28. That at all times herein, defendant, TULLY CONSTRUCTION CO., INC., was and is a duly organized foreign corporation transacting business in the State of New York.

29. That at all times mentioned herein, defendant, TULLY CONSTRUCTION CO., INC., does and/or solicits business within the State of New York.

29. That at all times mentioned herein, defendant, TULLY CONSTRUCTION CO., INC., derives substantial revenue from goods used and/or consumed or services rendered in the State of New York.

30. That at all times mentioned herein, defendant, TULLY CONSTRUCTION CO., INC., expected or should have expected its acts and business activities to have consequences in the State of New York.

31. That at all times herein mentioned, defendant, TULLY CONSTRUCTION CO., INC., operated, maintained, manged, controlled and/or inspected the premises commonly known as World Trade Center Complex, New York, New York.

32. That at all times herein, defendant, TULLY CONSTRUCTION CO., INC., was a general contractor and/or construction manager responsible for the construction, renovation, alteration, demolition, and all work performed at the premises commonly known as World Trade Center Complex, New York, New York.

33. That at all times mention herein, defendant, TULLY CONSTRUCTION CO., INC., was a subcontractor and/or contractor responsible for the construction, renovation, alteration, demolition, and all work performed at the premises commonly known as World Trade Center Complex, New York, New York.

34. That at all times mentioned herein, defendant, TULLY CONSTRUCTION CO., INC., was a supervisor responsible for the construction, renovation, alteration, demolition and all

-5-

work performed at the premises commonly known as World Trade Center Complex, New York, New York.

35. That at all times mentioned herein, defendant, TULLY CONSTRUCTION CO., INC." retained subcontractors and/or contractors to perform certain work, labor and/or services at the premises commonly known as World Trade Center Complex, New York, New York.

36. That at all times mentioned herein, defendant, TULLY CONSTRUCTION CO., INC." was an agent of the owner or other entity having authority and control of the premises commonly known as World Trade Center Complex, New York, New York.

37. That at all times mentioned herein, and on September 11, 2001, the defendant, TURNER CONSTRUCTION COMPANY, was, is, and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

38. That at all times mentioned herein, defendant, TURNER CONSTRUCTION COMPANY, was and is located at 375 Hudson Street, New York, New York.

39. That at all times herein, defendant, TURNER CONSTRUCTION COMPANY, was and is a duly organized foreign corporation transacting business in the State of New York.

40. That at all times mentioned herein, defendant, TURNER CONSTRUCTION COMPANY, does and/or solicits business within the State of New York.

41. That at all times mentioned herein, defendant, TURNER CONSTRUCTION COMPANY, derives substantial revenue from goods used and/or consumed or services rendered in the State of New York.

42. That at all times mentioned herein, defendant, TURNER CONSTRUCTION COMPANY, expected or should have expected its acts and business activities to have consequences in the State of New York.

-6-

43. That at all times herein mentioned, defendant, TURNER CONSTRUCTION COMPANY, operated, maintained, manged, controlled and/or inspected the premises commonly known as World Trade Center Complex, New York, New York.

44. That at all times herein, defendant, TURNER CONSTRUCTION COMPANY, was a general contractor and/or construction manager responsible for the construction, renovation, alteration, demolition, and all work performed at the premises commonly known as World Trade Center Complex, New York, New York.

45. That at all times mention herein, defendant, TURNER CONSTRUCTION COMPANY, was a subcontractor and/or contractor responsible for the construction, renovation, alteration, demolition, and all work performed at the premises commonly known as World Trade Center Complex, New York, New York.

46. That at all times mentioned herein, defendant, TURNER CONSTRUCTION COMPANY, was a supervisor responsible for the construction, renovation, alteration, demolition and all work performed at the premises commonly known as World Trade Center Complex, New York, New York.

47. That at all times mentioned herein, defendant, TURNER CONSTRUCTION COMPANY, retained subcontractors and/or contractors to perform certain work, labor and/or services at the premises commonly known as World Trade Center Complex, New York, New York.

48. That at all times mentioned herein, defendant, TURNER CONSTRUCTION COMPANY, was an agent of the owner or other entity having authority and control of the premises commonly known as World Trade Center Complex, New York, New York.

49. That at all the times hereinafter mentioned, it was the duty of the defendants herein to provide a safe place to work for those persons, including the plaintiff, NICHOLAS LUSURIELLO

-7-

who were at work at the aforesaid site.

50. That the defendants named herein were responsible for implementation, enforcement and compliance with a safety and health program.

51. That the defendants named herein were given full responsibility for ensuring compliance with all applicable safety and health laws, rules, and regulations under the terms of their respective contracts.

52. That on or about September 12, 2001 until July 1, 2002, plaintiff NICHOLAS LUSURIELLO, was employed and performed work at the site at World Trade Center Complex, New York, New York.

53. That on or subsequent to September 12, 2001, and at different and various times thereafter, the defendants herein and/or their agents, servants and/or employees retained the plaintiff, NICHOLAS LUSURIELLO, or his employer to perform certain work, labor, and/or services at the premises commonly known as World Trade Center Complex, New York, New York.

54. That at all the times hereinafter mentioned, the defendants, their agents, servants and/or agencies failed to monitor air and other conditions, failed to provide proper respiratory and other protective equipment, failed to warn of hazardous materials and conditions; failed to adequately direct, control and supervise the aforesaid site and the workers, including this plaintiff, failed to prevent and/or minimize plaintiff's exposure to toxic substances, failed to enforce standards, laws, rules and regulations, failed to coordinate testing and information and failed to adequately test and communicate with workers.

55. That the aforesaid acts and/or omissions were due to the negligence of the defendants and their agents, servants and/or employees in the direction, operation, maintenance and control of the aforesaid site; in that they failed and omitted to provide the plaintiff, NICHOLAS LUSURIELLO with a safe place in which to work; in that they failed and omitted to properly supervise the work

-8-

being performed at the aforesaid location; and in that it was careless, reckless and negligent in other respects.

56. That subsequent to MR. LUSURIELLO commencing his work, while acting within the scope of his employment at the World Trade Center site, the plaintiff had contact with, was exposed to, and/or inhaled dangerous chemicals, toxins, poisons, airway irritants, airborne particulate matter, and other hazardous materials, such as but not limited to Crystalline Silica, Asbestos, Dioxins (dibenzo-p-dioxin (tcdd) & dibenzofurans (tcdf)), Benzene, Toluene, Methyl Ethyl Ketone (2-butanone), Mercury, Lead, Polychlorinated Biphenyls (pcbs), Polynuclear Aromatic Hydrocarbons (PAHs including but not limited to, benzo(a)anthrecene, chrysene, benzo(b)anthrecene, benzo(k)fluoranthene, benzo(a)pyrene, indeno(1,2,3-cd)pyrene, dibenzo(a, h)anthrecene), etc., which were present at the World Trade Center site for the duration of plaintiff's employment and at levels sufficient to contribute to the development of the conditions listed here below, and that plaintiff was caused to suffer injuries including but not limited to respiratory & pulmonary dysfunction, reactive airway disease, allergic rhinitis, chronic obstructive pulmonary disease, sarcoidosis, pneumonitis, and gastroesophageal reflux disease.

57. That the above injuries were caused solely by and through the negligence of the defendants herein, without any negligence on the part of the plaintiff contributing thereto.

58. Plaintiffs' herein first realized there was a good faith basis to claim injury, and the cause of action accrued on March 16, 2005.

59. That the defendants, and/or each of them had both actual and constructive notice of the dangerous and defective conditions and practices complained of herein.

60. Plaintiff asserts an exemption from the abolition of joint and several liability pursuant to Article 16 of the C.P.L.R.

61. That the defendants, and/or each of them, and/or their agents, servants, associates

-9-

and/or employees were negligent, careless and reckless, in that they:

a) Negligently, carelessly and recklessly, failed and omitted to properly construct, shore, equip, guard, arrange, operate and conduct the construction activities at the construction site as aforesaid, so as to provide reasonable and adequate protection and safety to the persons so employed therein, and more particularly to the plaintiff herein;

b) Failed and omitted to provide the plaintiff with a safe place to work;

c) Failed and omitted to provide the plaintiff and the workers at the construction site thereat, with adequate, ample equipment including but not limited to gas masks and respirators;

d) Failed and omitted to insure that the working areas within the premises of the construction site as aforesaid were kept free of hazardous conditions;

e) Failed and omitted to properly inspect the construction site as aforesaid;

f) Failed and omitted to issue warnings so as to apprise workers, and more particularly the plaintiff herein, of the dangerous conditions existing thereat;

g) Failed and omitted to comply with Section 200 of the Labor Law of the State of New York, which section affords protection to the plaintiff.

h) Failed and omitted to comply with Section 241 of the Labor Law of the State of New York, which section affords protection to the plaintiff.

I) Failed and omitted to comply with Rule 23 of the Industrial Code, including but not limited to sections 1.7(g), 1.8(b)(1) and (2), 1.9(d), 1.26(d), and 10.1, and all applicable sections, rules, codes, and/or other regulations referenced therein.

j) Failed and omitted to properly secure the work area so that plaintiff could perform his labor in a safe environment;

k) Failed and omitted to keep the workers safe from hazardous materials;

l) Failed and omitted to provide the plaintiff with the proper and necessary personal protective equipment;

-11-

62. That as a result of the negligence of the defendants, and/or each of them, the plaintiff, NICHOLAS LUSURIELLO, became, still is and for a long time to come, will be sick, sore, lame, bruised, injured, disabled and wounded in and about the various parts of his head, limbs, body, blood vessels, respiratory system and surrounding tissues, including the injuries alleged herein above, and has suffered severe and extreme mental shock and anguish and that plaintiff was otherwise injured. and upon information and belief, said injuries are permanent. In addition, as a direct and proximate result of defendants' negligent acts, omissions and conduct as set forth above, plaintiff has been exposed to dangerous chemicals, toxins, poisons, airway irritants, airborne particulate matter, and other hazardous substances as alleged herein above and as a result has an increased risk of invisible genetic damages and has a fear of developing, and may develop cancer, liver failure, heart dysfunction, and/or other serious latent respiratory diseases and/or other latent diseases.

63. That by reason of the foregoing, the plaintiff was obligated to and did necessarily employ medical aid , hospital services, medicines and medical supplies in an attempt to cure the aforesaid injuries, and continues to and will need to continue to do so, and has been prevented from his usual duties and will be so prevented for a long time to come. As a result of the above, plaintiff requires and will require for the duration of his lifetime, continued medical monitoring to ensure against the development of the various latent diseases alleged herein above.

64. That by reason of the foregoing, the plaintiff, NICHOLAS LUSURIELLO, has been damaged in an amount exceeding the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF, NICHOLAS LUSURIELLO
BASED UPON A THEORY OF STATUTORY LIABILITY:

65. That the plaintiff, NICHOLAS LUSURIELLO, repeats, reiterates and re-alleges each and every allegation of the complaint in paragraphs numbered "1" through "64", with the same force

and effect as though each and every allegation were set forth more fully herein at length below.

66. That at all times mentioned herein, and on or after September 12, 2001, Section 200 of the Labor law of the State of New York was in full force and effect.

67. That at all times mentioned herein, and on or after September 12, 2001, the defendants, and/or each of them were subject to the provisions of the statute as cited herein above.

68. That on and subsequent to, September 11, 2001, the defendants, and/or each of them were in violation of the Statute as cited as herein above.

69. That as a result of the statutory violation as cited herein above, the plaintiff, NICHOLAS LUSURIELLO, was caused to sustain the injuries as set forth herein above.

70. That by reason of the foregoing, the plaintiff, NICHOLAS LUSURIELLO, has been damaged in an amount exceeding the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF, NICHOLAS LUSURIELLO
BASED UPON A THEORY OF STATUTORY LIABILITY

71. That the plaintiff, repeats, reiterates and re-alleges each and every allegation of the complaint in paragraphs numbered "1" through "70", with the same force and effect as though each and every allegation were set forth more fully herein at length below.

72. That at all times mentioned herein, and on or after September 12, 2001, Section 241(6) of the Labor law of the State of New York was in full force and effect.

73. That the plaintiff, NICHOLAS LUSURIELLO is a covered person under section 241(6) of the Labor Law of the State of New York.

74. That at all times mentioned herein, and on and subsequent to September 12, 2001, the defendants, and/or each of them were subject to the provisions of the statute as cited herein above.

75. That on and subsequent to September 12, 2001, the defendants, and/or each of them

were in violation of the Statute as cited as herein above.

76. That as a result of the statutory violation as cited herein above, the plaintiff, NICHOLAS LUSURIELLO, was caused to sustain the injuries as set forth herein above.

77. That by reason of the foregoing, the plaintiff, NICHOLAS LUSURIELLO, has been damaged in an amount exceeding the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF, ELIZABETH LUSURIELLO

78. Plaintiff, ELIZABETH LUSURIELLO, repeats, reiterates and re-alleges each and every allegation contained in the paragraphs of the complaint designated "1" through "77" inclusive with the same force and effect as if more fully set forth at length herein.

79. That at all the times mentioned herein, plaintiff ELIZABETH LUSURIELLO, was and is the wife of the plaintiff, NICHOLAS LUSURIELLO, and as such resided with him, was supported by him and was and is entitled to his services, society, support, consortium and companionship.

80. That by reason of the injuries sustained by her husband, plaintiff, NICHOLAS LUSURIELLO, due to the negligence and liability of the defendants as aforesaid, plaintiff ELIZABETH LUSURIELLO has been deprived of the support, society, services, consortium and companionship of her husband, NICHOLAS LUSURIELLO, all to her damage in an amount exceeding the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

WHEREFORE, the plaintiff, NICHOLAS LUSURIELLO, demands judgment against the defendants, on his three causes of action, and/or each of them in an amount exceeding the jurisdictional limits of all lower courts that might otherwise have jurisdiction ; the plaintiff,

ELIZABETH LUSURIELLO, demands judgment against the defendants, on her cause of action, against the defendants. and/or each of them in an amount exceeding the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

Dated: New York, New York.
       August 3, 2007

                              Yours, etc.,

                              SUZANNE M. SCOTT (SS-5969)
                              FRIEDMAN, FRIEDMAN,
                              CHIARAVALLOTI & GIANNINI
                              Attorneys for Plaintiffs
                              Two Rector Street, 21st Floor
                              New York, NY 10006
                              (212) 267-0380

STATE OF NEW YORK
COUNTY OF NEW YORK   ss:

**SUZANNE M. SCOTT**, being an attorney admitted to practice in the Courts of this State, makes the following affirmation under the penalty of perjury:

I am associated with the firm of FRIEDMAN, FRIEDMAN, CHIARAVALLOTI & GIANNINI, attorneys for the plaintiffs herein and have offices at 2 Rector Street, 21st Floor, New York, New York. I have read the foregoing complaint and know the content hereof and the same is true except as to those matters alleged upon information and as to those matters I believe them to be true. This affirmation is made by me because plaintiffs are not now within the County of New York where I have my offices.

The grounds for my belief as to all matters in the said complaint are conferences with plaintiffs, investigation of the circumstances relating to the allegations, review of medical records and reports and documents in my file.

Dated:   New York, New York
         August 3, 2007

                                                        _____
                                                        SUZANNE M. SCOTT

Index No.:
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

===

NICHOLAS LUSURIELLO and ELIZABETH LUSURIELLO,

Plaintiffs,

-against-

AMEC CONSTRUCTION MANAGEMENT, INC., BOVIS LEND LEASE, INC., TULLY CONSTRUCTION CO., INC., TURNER CONSTRUCTION COMPANY,

Defendants

===

**SUMMONS and VERIFIED COMPLAINT**

===

**FRIEDMAN, FRIEDMAN,
CHIARAVALLOTI & GIANNINI**
*Attorneys for Plaintiff*
2 Rector Street, 21st Floor
New York, New York 10006
(212)267-0380

===